**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-60479
(Summary Calendar)
_____

AURA LETICIA MAROQUIN-DE BARCO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of the Decision of
the Board of Immigration Appeals
No. A28-320-618

January 30, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Auro Leticia Maroquin-de Barco, a native and citizen of Guatemala, seeks review of the final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of her motion to reopen deportation proceedings. Maroquin-de Barco contends that the Immigration Judge

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in denying as untimely her motion to reopen because she did not have notice of her 1987 hearing and order of deportation. She also contends that the BIA violated her due process rights by summarily affirming the Immigration Judge's decision pursuant to 8 C.F.R. § 3.1(a)(7).

We apply a "highly deferential abuse of discretion standard in reviewing the BIA's denial of a motion to reopen." *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Although we normally have authority to review only the final order of the BIA, we must review the Immigration Judge's decision where, as here, the BIA has adopted that decision without any additional reasoning. *Mikhael v. I.N.S*, 115 F.3d 299, 302 (5th Cir. 1997).

"A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 3.23(b)(1) (2002). Although Maroquin-de Barco did not file her motion to reopen until 2000))thirteen years after the order of deportation))she contends that the Immigration Judge abused his discretion in determining that she did not meet the requirements of 8 C.F.R. § 3.23(b)(4)(iii)(A)(2), which provides that "[a]n order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed . . . [a]t any time if the alien demonstrates that he or she did not receive notice. . . ."

Maroquin-de Barco argues that she never received notice of her 1987 deportation hearing and was unaware that she had been ordered deported in absentia until 2000, when she sought an adjustment of status. Although copies of the notice of hearing were initially sent to incorrect or outdated addresses, Maroquin-de Barco does not dispute that a subsequent copy of the notice of hearing as well as a copy of the order of deportation were sent to the address she provided and were not returned. She simply asserts, without any explanation, that she did not receive notice of the

hearing or the order. Under these circumstances, the Immigration Judge did not abuse his discretion in denying Maroquin-de Barco's motion to reopen as untimely.

Maroquin-de Barco also contends that the BIA's summary affirmance of the Immigration Judge's decision by a single Board member pursuant to 8 C.F.R. § 3.1(a)(7) violated her due process rights under the Fifth Amendment to the United States Constitution. This argument is without merit. *See Guentchev v. I.N.S.*, 77 F.3d 1036, 1037 (7th Cir. 1996) ("The Constitution does not entitle aliens to administrative appeals.").

Accordingly, Maroquin-de Barco's petition for review is DENIED, and the order of the BIA is AFFIRMED.